UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Joyce Ann Bryant, | ) | C/A: 2:17-430-MBS-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| | ) | |
| Wells Fargo Bank, N.A.; Timothy J. Sloan, | ) | |
| *Chief Executor Officer and President: Wells* | ) | |
| *Fargo & Company; a human, wrongdoer*, | ) | |
| | ) | |
| Defendants. | ) | |

This is a civil action filed by the Plaintiff, Joyce Ann Bryant, pro se. Plaintiff asserts claims relating to a state foreclosure action filed in Dorchester County, South Carolina.

Although Plaintiff is not proceeding in forma pauperis, this filing is nonetheless subject to review pursuant to the inherent authority of this Court to ensure that a plaintiff has standing; that subject matter jurisdiction exists; and that a case is not frivolous.[1] See Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. Aug. 22, 2012); Fitzgerald v. First East Seventh St. Tenants Corp., 221 F.3d 362, 363–64 (2d Cir. 2000); see also Pillay v. INS, 45 F.3d 14, 16–17 (2d Cir. 1995)[noting that although 28 U.S.C. § 1915(d) was not applicable where a pro se party filed an appeal and paid the filing fee, the court had "inherent authority, wholly aside from any statutory warrant, to dismiss an appeal or petition for review as frivolous"]. Therefore, this Complaint is subject to review

---

[1] Pre-screening under 28 U.S.C. § 1915 is inapplicable in pro se, non-prisoner, fee-paid cases. See Bardes v. Magera, C/A No. 2:08-487-PMD-RSC, 2008 WL 2627134, at *8–10 (D.S.C. June 25, 2008) [finding persuasive the Sixth Circuit's opinion in Benson v. O'Brian, 179 F.3d 1014 (6th Cir. 1999), that § 1915(e)(2) is inapplicable to actions that are not pursued in forma pauperis].



pursuant to the inherent authority of this Court to ensure that subject matter jurisdiction exists and that the case is not frivolous. See, e.g., Carter v. Ervin, No. 0:14–cv–00865–TLW–PJG, 2014 WL 2468351 (D.S.C. June 2, 2014), appeal dism'd, 585 F. App'x 98 (4th Cir. 2014); Cornelius v. Howell, No. 3:06–3387– MBS–BM, 2007 WL 397449, *3 (D.S.C. Jan. 8, 2007), adopted by, 2007 WL 4952430 (D.S.C. Jan. 30, 2007), aff'd, 251 F. App'x 246 (2007), cert. denied, 553 U.S. 1057 (2008).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow for the development of a potentially meritorious case. See Erickson v. Pardus, 551 U.S. 89, 93 (2007)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)); Hughes v. Rowe, 449 U.S. 5, 9 (1980). Even so, the requirement of liberal construction does not mean that a court can ignore a clear failure in a pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) [outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"]. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).



2

## Discussion

Plaintiff has filed a one-page Complaint in this action which consists of the following assertions:

> i, require: a 'court of record'; "trial by jury';
>
> claim: trespass [forgery];
>
> i, am woman claim:
>
> - the said wrongdoer(s) trespass upon my property;
>
> - the causal agent of the trespass, comes by way of its use of a forged instrument;
>
> - the trespass did, and does harm and injury to [my] property;
>
> - the commencement of the harm began on 5th day of June, 2014;
>
> - the wrongdoer, was given fair-warning; they don't cease and desist immediately, i, am going to file a claim in federal court, for the administrating [my] property without any rights; see exhibits);
>
> - the wrong continues to this day February, 10, 2017;
>
> - instrument is to be deemed a forgery, and is to have no force of operation;
>
> - i require compensation for the initial and continual trespass upon [my] property;
>
> - compensation due: **nine million eight hundred twenty thousand dollars ($9,820,000.00)**

Complaint, ECF No. 1 [errors in original]. Attached to the Complaint was a one page "declaration" in which Plaintiff asserted "declarations of wrongs: forgery and bad faith" and lists "25 C.J. §§ 344; 346[;] 2. DANV. 259 [;] The bill of rights of united States Constitution, Articles: VII; IX;



3

Constitution of South Carolina - 1868, Article I, Section 11; Article I, Section 15[.]" (ECF No. 1-1 at 1 [errors in original]).

Thereafter, Plaintiff filed a pleading titled "Prologue" in which she asserts that the "wrongdoers, entered a false plea, into a court by uttering a forgery, into said court[.]" She appears to claim, without citing any authority for such, that the foreclosure proceedings on which her claims are based are somehow deficient because they were by not done under oath in "open court." ECF No. 5. Attached to the "Prologue" are copies of documents from a foreclosure of real estate mortgage case filed in the Court of Common Pleas for Dorchester County, South Carolina, Wells Fargo Bank, NA v. Antonio Bryant; Joyce A. Bryant (No. 2014-CP-18-1054). ECF No. 5-1; see also Dorchester County Public Index, http://publicindex.sccourts.org/Dorchester/PublicIndex/CaseDetails.aspx?County=18&CourtAgency=18002&Casenum=2014CP1801054&CaseType=V&HKey=5154741 09747612211810080971127511243855282845011899759990571109050709853114729911497 851081111174381 (last visited Aug. 11, 2017).[2] Plaintiff then filed another "declaration of wrongs" and "Prologue," which primarily repeats her earlier assertions. ECF No. 6.

A review of the filings of this Court reveals that in November 2015, the Plaintiff in this case and Antonio Bryant filed a notice of removal to this Court of a state foreclosure case (2014-CP-18-1054), which was remanded to Dorchester County in January 2016. See Wells Fargo Bank

---

[2]This Court may take judicial notice of factual information located in postings on government websites. See Tisdale v. South Carolina Highway Patrol, C/A No. 0:09–1009–HFF–PJG, 2009 WL 1491409, *1 n. 1 (D.S.C. May 27, 2009), aff'd 347 F. App'x 965 (4th Cir. Aug. 27, 2009); In re Katrina Canal Breaches Consolidated Litigation, No. 05–4182, 2008 WL 4185869 at * 2 (E.D.La. September 8, 2008)[noting that courts may take judicial notice of governmental websites including other courts' records].



4

v. Bryant, No. 15-4726-MBS-BM (D.S.C.).³ Plaintiff and Antonio Bryant again attempted to remove that state case from Dorchester County in May 2016, but in August 2016, the case was again remanded to Dorchester County for lack of subject matter jurisdiction. See Wells Fargo v. Bryant, No. 2:16-1430-MBS, 2016 WL 4079990 (D.S.C. August 1, 2016).

Plaintiff has now filed this separate action in federal court, which is subject to summary dismissal because Plaintiff fails to provide a basis for federal court jurisdiction. Although Plaintiff lists "25 C.J. §§ 344; 346[;] 2. DANV. 259 [;] The bill of rights of united States Constitution, Articles: VII; IX; Constitution of South Carolina - 1868, Article I, Section 11; Article I, Section 15" (ECF No. 1-1 at 1 [errors in original]), these are not recognizable as authorities conferring federal jurisdiction over this civil action. Initially, it is unclear to what the first set of cites refer. Plaintiff then refers to Articles or Amendments VII and IX to the United States Constitution; however, neither of these Articles or Amendments provides a basis for jurisdiction.⁴ In any event, Plaintiff's mere citing of a federal law or statute is insufficient to confer federal question jurisdiction. See Burbage v. Richburg, 417 F.Supp.2d 746 (D.S.C. 2006)[holding that a reference to "federal law" in the complaint is insufficient to confer federal question jurisdiction over the action]. Nor does Plaintiff's reference to the South Carolina Constitution constitute a basis for federal jurisdiction over

---

³This court "may properly take judicial notice of matters of public record." See Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ["We note that '[t]he most frequent use of judicial notice is in noticing the content of court records.'"].

⁴Article VII of the United States Constitution concerns the ratification of the Constitution, and there is no Article IX. To the extent that Plaintiff is referring to the Bill of Rights, they also do not provide a basis for jurisdiction, as the Seventh Amendment provides the right to a trial by jury in civil cases, while the Ninth Amendment provides that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people" U.S. Const. amends. VII, IX.



5

her claims. Article I, Section 11 of the South Carolina Constitution concerns presentment or indictment, and Article I, Section 15 concerns the right of bail. S.C. Const. Art. I, §§ 11, 15. There is no indication that these sections apply to this civil case, or that either of these state constitutional provisions would allow for federal jurisdiction over Plaintiff's claims.

Plaintiff may be attempting to argue that the state court foreclosure action is deficient because she did (or will not) receive a jury trial. However, under South Carolina law, an action to foreclose a mortgage is an action in equity; therefore, there is no common law right to a jury trial. See Hayne Federal Credit Union v. Bailey, 489 S.E.2d 472, 475 (S.C.1997)["A mortgage foreclosure is an action in equity."]. The Seventh Amendment to the United States Constitution provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law". U.S. Const. amend VII. However, the words "Suits at common law" "refer to suits in which *legal* rights [are] to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered." Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 41 (1989) (internal quotation omitted).

Moreover, to the extent that the state court action has concluded and Plaintiff is attempting to appeal the results of that state court action, federal district courts do not hear "appeals" from state court actions. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476-82 (1983)[a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257]; Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). To rule in favor of Plaintiff



6

on the claims filed in this action may require that this court overrule and reverse orders and rulings made in the state court case, a result prohibited under the Rooker–Feldman doctrine. Davani v. Virginia Dep't. of Transp., 434 F.3d 712, 719-720 (4th Cir. 2006); see Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 293-294 (2005); Jordahl v. Democratic Party of Va., 122 F.3d 192, 201 (4th Cir. 1997).[5]

Alternatively, to the extent that the state court action is still pending, the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37, 91 (1971), and its progeny preclude this Court from interfering with those ongoing proceedings, as Plaintiff can raise these issues in the state court proceedings. The Younger doctrine applies to civil proceedings that "implicate a State's interest in enforcing the orders and judgment of its courts." Sprint Commc'ns, Inc. v. Jacobs, 134 S.Ct. 584, 588 (2013)(internal quotation marks omitted). Thus, to the extent that Plaintiff is seeking injunctive or declaratory relief related to the same property that is the subject matter of the underlying foreclosure action in state court, her claims are barred under the Younger doctrine.

Plaintiff may also be attempting to assert state law claims for damages, and the abstention principles established in Younger may not require dismissal of Plaintiff's claims for

---

[5]The Rooker-Feldman doctrine is applicable both to claims at issue in a state court order and to claims that are "inextricably intertwined" with such an order. See Exxon Mobil, 544 U.S. at 284. This is not a case where the federal complaint raises claims independent of, but in tension with, a state court judgment such that the Rooker-Feldman doctrine would not be an impediment to the exercise of federal jurisdiction. See Vicks v. Ocwen Loan Servicing, LLC, No. 16-1909, 2017 WL 360546 (4th Cir. Jan. 25, 2017)[district court erred in applying Rooker-Feldman doctrine to bar appellants' claims where the claims did "not seek appellate review of [the state court] order or fairly allege injury caused by the state court in entering that order"]; Thana v. Bd. of License Comm'rs for Charles Cty., Md., 827 F.3d 314, 320 (4th Cir. 2016)[Rooker-Feldman doctrine is not an impediment to the exercise of federal jurisdiction when the federal complaint raises claims independent of, but in tension with, a state court judgment simply because the same or related question was aired earlier by the parties in state court].



damages. See, e.g., Lindsay v. Rushmore Loan Mgmt., Servs., LLC, No. PWG-15-1031, 2017 WL 167832, at *1, 4 (D. Md. Jan. 17, 2017)["causes of action for damages, such as Plaintiffs', may be stayed but not dismissed on Younger abstention grounds](citing Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 721 (1996)). However, a district court generally may have jurisdiction over a state law civil action only "where the matter in controversy exceeds the sum or value of $75,000...and is between–(1) citizens of different States...". 28 U.S.C. § 1332. Here, although Plaintiff appears to allege more than $75,000 in controversy, she has not alleged complete diversity of the parties. See Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978) [Complete diversity of parties means that no party on one side may be a citizen of the same State as any party on the other side]. She has not asserted the citizenship of Defendants (the proposed summonses she has submitted to the Court are filled out with an "in care of" address of South Carolina law firms).[6] However, even assuming there is complete diversity, and this court had jurisdiction over Plaintiff's claims for damages, her claims are still subject to summary dismissal for failure to state a claim.

The Complaint is characterized by what some courts have described as "buzzwords" or "legalistic gibberish." See, e.g., Rochester v. McKie, No. 8:11–797, 2011 WL 2671228, at *1 (D.S.C. July 8, 2011) (citing Yocum v. Summers, No. 91–3648, 1991 WL 171389, at *1 (N.D.Ill. Aug. 30, 1991)). Put another way, Plaintiff's allegations are so generally incomprehensible and filled with what could only be considered by a reasonable person as unconnected, conclusory, and unsupported comments, or "gibberish," that it is unclear what is to be made of them. See Hagans v. Lavine, 415 U.S. 528, 536-537 (1974) [Noting that federal courts lack power to entertain claims

---

[6]Plaintiff should note that service on process is governed by Federal Rule of Civil Procedure 4. See Fed. R. Civ. P. 4(e)[serving an individual] and 4(h)[serving a corporation].



8

that are "so attenuated and unsubstantial as to be absolutely devoid of merit"]; see also Livingston v. Adirondack Beverage Co., 141 F.3d 434 (2nd Cir. 1998); Adams v. Rice, 40 F.3d 72 (4th Cir. 1994)[Affirming dismissal of plaintiff's suit as frivolous where allegations were conclusory and nonsensical on their face]. Thus, Plaintiff's Complaint is in violation of the directive in Federal Rule of Civil Procedure 8(a) that pleadings shall contain "a short and plain statement" of the basis for the court's jurisdiction and of the basis for a plaintiff's claims against each defendant. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)[requiring, in order to avoid dismissal, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"]. Even liberally construing Plaintiff's filings in an attempt to cull out a potential claim, her complaint is subject to dismissal, as is discussed below.

First, Plaintiff may be attempting to assert state law claims for fraud or trespass. However, to the extent that Plaintiff is attempting to assert a claim for fraud, she fails to allege the required elements of fraud under South Carolina law, which are: "(1) a representation; (2) its falsity; (3) its materiality; (4) either knowledge of its falsity or a reckless disregard of its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury." Cheney Bros., Inc. v. Batesville Casket Co., Inc., 47 F.3d 111, 114 (4th Cir. 1995). Nor has she stated a viable claim for trespass. See Toney v. LaSalle Bank Nat'l Ass'n, 896 F. Supp. 2d 455 (D.S.C. 2012). Under South Carolina law, a trespass is limited to the protection of property interests; i.e., any interference with "one's right to the exclusive, peaceable possession of his property." Ravan v. Greenville Cnty., 434 S.E.2d 296, 303 (S.C. Ct.App.1993); see also



9

Hedgepath v. Am. Tel. & Tel. Co., 559 S.E.2d 327, 337 (S.C.Ct.App.2001) [Defining trespass as any intentional invasion of the plaintiff's interest in the exclusive possession of his property.]. "For a trespass action to lie, 'the act must be affirmative, the invasion of the land must be intentional, and the harm caused by the invasion of the land must be the direct result of that invasion.'" Hawkins v. City of Greenville, 594 S.E.2d 557, 566 (S.C.Ct.App. 2004) (quoting Mack v. Edens, 320 S.C. 236, 240, 464 S.E.2d 124, 127 (1995)). Plaintiff appears to claim that the Defendants' foreclosure action on (presumably) her real property was somehow a "trespass", but her allegations fail to establish any such claim under South Carolina law.

Finally, Plaintiff also alleges "forgery." However, to the extent that she is attempting to have the Defendants criminally prosecuted on such a charge, her claim must be dismissed, as it is well settled that an individual such as the Plaintiff here has no constitutional right to, or in fact any judicially cognizable interest in, the criminal process or non-prosecution of another person. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)[A private citizen does not have a judicially cognizable interest in the prosecution or nonprosecution of another person]; Diamond v. Charles, 476 U.S. 54, 64–65 (1986) [applying Linda R.S. v. Richard D. and collecting cases]; Collins v. Palczewski, 841 F.Supp. 333, 340 (D.Nev.1993) ["Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'"]. This Court's consideration of any such claim could also run afoul of the Rooker-Feldman doctrine and/or Younger v. Harris. See, discussion, supra.

## Recommendation

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint with prejudice and without issuance and service of process.

10



Plaintiff is advised that this Report and Recommendation constitutes notice to her of material defects in her filings. See e.g. Brockington v. South Carolina Dept. of Social Service, No. 17-1028, 2017 WL 1531633 (4th Cir. April 28, 2017) [Noting that pro se Plaintiff should be provided an opportunity to amend his complaint to cure defects prior to a dismissal]; Evans v. Richardson, No. 17-1144, 2017 WL 2294447 (4th Cir. May 25, 2017) [same]; Breyan v. All Medical Staff, No. 17-6186, 2017 WL 2365232 (4th Cir. May 31, 2017) [same]. Plaintiff's attention is also directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

August 14, 2017
Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).