IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joyce Ann Bryant, | ) |
|                Plaintiff, | ) C/A No. 2:17-0430-MBS |
| vs. | ) |
| | ) **OPINION AND ORDER** |
| Wells Fargo Bank, N.A.; Timothy J. Sloan, Chief Executor Officer and President: Wells Fargo & Company; a human; wrongdoer, | ) |
|                Defendants. | ) |

Plaintiff Joyce Ann Bryant, proceeding pro se, filed a complaint on February 20, 2017. In Declarations filed with this court, Plaintiff appears to asserts that she was wrongly evicted from her residence subsequent to a foreclosure.[1] In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling.

The Magistrate Judge reviewed the complaint pursuant to the court's inherent authority to ensure that a plaintiff has standing; that subject matter jurisdiction exists; and that a case is not frivolous. On August 14, 2017, the Magistrate Judge issued a Report and Recommendation in which he determined that Plaintiff asserted no grounds for federal question or diversity jurisdiction. The Magistrate Judge further observed that a federal court cannot overrule and reverse orders and rulings made by a state court. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). The Magistrate Judge also noted that a federal court must abstain from interfering with ongoing state proceedings. Younger v. Harris, 401 U.S. 37,

---

[1]Plaintiff has previously attempted to contest the foreclosure action in this court. See Wells Fargo Bank v. Bryant, C/A No. 15-4726-MBS-BM; Wells Fargo v. Bryant, C/A No. 2:16-1430-MBS.

91 (1971). Finally, the Magistrate Judge determined that Plaintiff's allegations are generally incomprehensible and thus incompatible with the requirements of Fed. R. Civ. P. 8(a). Accordingly, the Magistrate Judge recommended that Plaintiff's complaint be dismissed without prejudice and without issuance and service of process. Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court concurs in the Report and Recommendation and incorporates it herein by reference. Plaintiff's complaint is summarily dismissed with prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Charleston, South Carolina

September 6, 2017

2